**BLUE IVY LLC**
**Resolution Authorizing Chapter 11 Filing**

The undersigned, being all of the members of Blue Ivy, LLC, a Massachusetts limited liability company (the "Company"), do hereby adopt following actions and resolutions (this "Resolution") in accordance with the laws of the Commonwealth of Massachusetts, the Company's Certificate of Organization, and the Operating Agreement of the Company, as amended and restated:

**RESOLVED:** That, it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company file a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court"), for the purpose of restructuring its financial affairs and for all lawful purposes under the Bankruptcy Code.

**RESOLVED:** That, John Collins, the Company's Manager (the "Manager"), and any person duly authorized by the Manager (each an "Authorized Person") is hereby empowered and directed to take all actions on behalf of the Company necessary to:

(i) prepare and file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

(ii) cause the Company to perform its functions and duties as a debtor in possession pursuant to the applicable provisions of the Bankruptcy Code;

(iii) take such steps as may be necessary or appropriate to the Company's Chapter 11 case (including, without limitation, negotiating or otherwise obtaining court authority for use of cash collateral, postpetition financing, the assumption or rejection of executory contracts and unexpired leases, the sale or other disposition of property other than in the ordinary course of business, and preparation and proposal to creditors of such plan the Manager or Authorized Person may deem feasible and in the best interest of the Company);

(iv) execute and file any pleadings, petitions, schedules and statements as may be deemed necessary or appropriate in connection with the bankruptcy case; and

(v) execute such further documents and do such further acts as the Authorized Person may deem necessary or appropriate with respect to the foregoing, the execution of any document or the doing of any act by the Authorized Person in connection with such proceedings to be conclusively presumed authorized by this Resolution.

**RESOLVED:** That, subject to the approval of the Court, the Company is authorized

1

854051

to retain Murphy & King, P.C. as its bankruptcy counsel, and to pay a retainer to Murphy & King, P.C.

**RESOLVED:** That, subject to the approval of the Court, the Company may engage, retain, and employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, the Authorized Person, with power of delegation, is hereby authorized to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as needed.

**RESOLVED:** That each Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, all agreements, instruments, petitions, schedules, motions, lists, affidavits, applications for approvals or ruling of governmental or regulatory authorities, pleadings, certificates and other papers, and to take and perform any and all further acts and deeds that in the judgment of an Authorized Person shall be necessary, proper or desirable to the Company's chapter 11 proceeding.

**RESOLVED:** That any and all actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the unanimous consent of all members of the Company.

**RESOLVED:** That any and all actions heretofore or hereafter lawfully taken in the name of or on behalf of the Company by the Authorized Person in furtherance of the purposes of the foregoing resolutions or in connection with the transactions contemplated therein are hereby ratified, confirmed, and adopted as the acts and deeds of the Company.

**RESOLVED:** That this Resolution may be executed in one or more counterparts and that scanned, faxed, and/or e-mailed copies shall suffice in lieu of original signatures.

**RESOLVED:** That the Authorized Person, with power of delegation, shall cause a copy of this Resolution to be filed with the Company's voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**RESOLVED:** That, notwithstanding any other provision of this Resolution, and as conditions of the Members' consent to the filing authorized hereby, the authority granted to the Manager and any Authorized Person above is

2

854051

subject to, and shall be exercised in accordance with, the following provisions. The following provisions are agreements among the Members. Nothing in this Resolution shall limit or alter the Company's fiduciary duties as a debtor in possession, or its obligations under the Bankruptcy Code or to the Court; and, as between the Members, the following provisions shall remain binding and enforceable to the fullest extent permitted by law:

(i)   The Manager shall fund the filing, retainer, ongoing legal fees, any adequate protection payments the court requires, and any other professional costs during the case. John Collins shall be personally and individually obligated to provide such funding, and this obligation shall survive any change in the Company's management and the appointment of any trustee or examiner. In no event shall such funding be required of Ian Brady or constitute an obligation of, or claim against, Ian Brady.

(ii)  Ian Brady's reimbursement claim of $1,075,000 against the Company shall be listed on the Company's creditor schedules as an undisputed, liquidated, and non-contingent claim when the case is filed. Such claim shall not be scheduled as disputed, contingent, or unliquidated. Neither the Company nor the Manager shall object to, dispute, subordinate, recharacterize, or otherwise challenge such claim, and each shall support its allowance in full.

(iii) Any amounts contributed during the bankruptcy shall be treated as capital contributions to the Company, not as Member Loans, DIP financing, or priority claims that would come ahead of Ian Brady's reimbursement claim in a distribution.  Any funding provided by the Manager during the case, whether or not court-ordered, shall not constitute a priority claim or otherwise rank ahead of Ian Brady's reimbursement claim in a distribution.  No capital contribution by any Member during the case shall dilute or alter the Members' relative ownership percentages without the written consent of all Members.  All such contributions shall be subordinate in right of payment to Ian Brady's reimbursement claim.

(iv)  If the bankruptcy plan is not confirmed within 90 days or the court lifts the stay, the members may pursue an orderly sale through the bankruptcy court rather than letting it revert to a foreclosure auction.  No sale of the Company's property, and no material terms thereof (including the listing broker, the sale process, the price, and the identity of any buyer), shall be pursued, agreed, or consummated without the prior written consent of both Members, in accordance with clause (viii) below.

854051

(v)   Any plan of reorganization shall preserve existing membership rights, including current ownership percentages and all voting and consent rights under the Operating Agreement. No plan, and no other action taken in the case, shall dilute, impair, subordinate, or extinguish Ian Brady's membership interest or his reimbursement claim, and the Manager shall not propose, support, or consent to any plan or action that does so without Ian Brady's prior written consent.

(vi)  No debtor-in-possession financing shall be incurred during the case without both members' written consent.

(vii) Members shall receive copies of bankruptcy filings, monthly operating reports to the courts, and reasonable advance notice of hearings and material transactions. The Manager shall provide Ian Brady with reasonable advance written notice of, and copies of all motions and proposed orders relating to, any proposed financing, sale, or plan.

(viii) Neither the Manager nor any Authorized Person shall sell, transfer, or otherwise dispose of any property of the Company outside the ordinary course of business without the prior written consent of both Members.

(ix)  Nothing in the case, and no plan, sale, or order, shall impair Ian Brady's subrogation, reimbursement, and contribution rights against the Manager, the Company, or Great Marsh Brewing Company, all of which are expressly preserved.

854051

In witness whereof, this Resolution has been executed on the date(s) stated below.

BLUE IVY, LLC,

By:  John Collins
Its:  Manager

Dated:  June 8, 2026

MEMBERS:

John Collins

Dated:  June 8, 2026

Ian Brady

Dated:  June 8, 2026

854051